ALDINE METAL PRODUCTS CORPORATION, as Assignee of Murray Stein et al., Copartners Doing Business under the Name of ALDINE METAL PRODUCTS COMPANY, Respondent, v. BOGERT AND CARLOUGH COMPANY, Appellant.— In an action to recover the cost of tools purchased by plaintiff's assignor for the manufacture of window frames, which frames were sold to defendant at an agreed price, order granting plaintiff's motion to strike out the defenses in the answer and

for judgment on the pleadings, and the judgment entered thereon, reversed on the law, with $10 costs and disbursements, plaintiff's motion denied, defendant's cross motion for judgment on the pleadings granted, and the complaint dismissed, with costs, without prejudice. The writing described in subdivision 2 of section 33 of the Personal Property Law is one of modification of an existing contract, obligation, etc. The complaint may not be construed as alleging a cause of action on such a writing. The section does not provide that an original promise, made without consideration, is enforcible. The pleadings do not sufficiently allege that there was any contractual or other obligation under which defendant was liable, even though defendant promised to make reimbursement for the cost of the tools in the manner set forth in the letter annexed to the complaint. Carswell, Acting P. J., Johnston, Adel and Nolan, JJ., concur; Aldrich, J., concurs for reversal of the order and judgment and the denial of plaintiff's motion but dissents as to granting defendant's cross motion for judgment on the pleadings and votes to affirm the order in that respect, with the following memorandum: In my opinion the allegations of paragraph "5" of the complaint are sufficient, reasonably interpreted, to constitute a statement that plaintiff's assignor executed a copy of "Exhibit A", as therein requested, although "Exhibit A" contains only the signature of the defendant. Such allegations, so interpreted, are denied by paragraph "Eighth" of the answer. Consequently this is not a proper case for judgment on the pleadings. "Exhibit A" on its face is not without consideration since, upon execution by both parties, there would be an extension of the time of payment of $3,981.50 therein provided for to January 1, 1945. The issues arising upon these pleadings should be determined after a trial and not upon motions of this type. In any event, if it be considered that paragraph "5" of the complaint is not sufficiently specific as to the execution of "Exhibit A" by plaintiff's assignor to overcome the fact that "Exhibit A", as pleaded, contains only the signature of defendant, plaintiff should be given permission by this court to serve an amended complaint in the action.